**Affirm and Opinion Filed May 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00003-CR**

**JUAN VALDEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F-1830765-X**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Molberg

Appellant Juan Valdez was charged by indictment with criminal solicitation to commit aggravated sexual assault of a child. The trial court accepted Valdez's open plea of guilty, sentenced him to ten years' imprisonment in the Texas Department of Criminal Justice's Institutional Division, entered judgment, and certified his right to appeal. Because the record reflects that the judgment incorrectly lists the offense for which appellant was convicted and the statute upon which it is based, we affirm the judgment as modified in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

The only issue before us is whether we should modify the judgment. Appellant and the State both agree that we should but disagree about the proposed modification. They both note—and the record confirms—that the judgment describes the offense for which appellant was convicted as "aggravated sexual assault – child" and identifies the statute for the offense as "22.021 Penal Code." Our own review of the record confirms that both of these details are incorrect.

We may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc) (refusing to limit the authority of the courts of appeals to reform judgments to only those situations involving mistakes of a clerical nature); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Though the parties agree that modification is appropriate, they propose different modifications. The State asks that we modify the judgment to state that appellant was convicted of "criminal solicitation to commit aggravated sexual assault of a child" under penal code section 15.03(a), while appellant asks that we modify the judgment to state that he was convicted of "criminal solicitation of a minor" in violation of penal code section 15.031(a). *See* TEX. PENAL CODE §§ 15.03(a); 15.031(a).[1]

---

[1] Section 15.03(a) states, "A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific

The indictment in the case alleged that appellant attempted to "induce another to . . . provide an 11-year-old boy for the purpose of sexual intercourse with [appellant] and deviate sexual intercourse with [appellant]." At the conclusion of trial, the court stated, "I now find you guilty beyond a reasonable doubt of the second degree felony offense of solicitation to commit aggravated sexual assault of a child, as charged in the indictment." The trial court did not mention criminal solicitation of a minor, and the indictment did not allege that appellant communicated with or believed he was communicating with a child when soliciting the sexual encounter.

Based on our own review of the record, we agree that the State has proposed an accurate modification, while appellant has not.[2] Although the record supports appellant's argument that a modification is needed, the record contains no information to support the specific modification he requests.

Because we have the necessary information to do so,[3] we sustain appellant's issue in part—granting his request for a modification but rejecting the specific modification he requests—and modify the judgment to (1) delete "aggravated sexual

conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission." *See* TEX. PENAL CODE § 15.03(a).

Section 15.031(a) states, "A person commits an offense if, with intent that an offense listed by Article 42A.054(a), Code of Criminal Procedure, be committed, the person requests, commands, or attempts to induce a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would constitute an offense listed by Article 42A.054(a) or make the minor a party to the commission of an offense listed by Article 42A.054(a)." *See* TEX. PENAL CODE § 15.031(a).

[2] Based on the record, penal code sections 15.03(a) and 22.021 accurately describe the criminal solicitation of aggravated sexual assault offense for which appellant was charged and pleaded guilty. *See* TEX. PENAL CODE §§ 15.03(a), 22.021.

[3] *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

assault – child" and "22.021 Penal Code" from the judgment and (2) replace that information with "Offense for which Defendant Convicted: Criminal Solicitation to Commit Aggravated Sexual Assault of a Child" and **"**Statute for Offense: TEX. PENAL CODE §§ 15.03(a), 22.021."

We affirm the judgment as modified herein.

/Ken Molberg/
KEN MOLBERG
JUSTICE

200003f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN VALDEZ, Appellant

No. 05-20-00003-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F-1830765-X. Opinion delivered by Justice Molberg. Justices Reichek and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to (1) delete "aggravated sexual assault – child" and "22.021 Penal Code" from the judgment and (2) replace that information with "Offense for which Defendant Convicted: Criminal Solicitation to Commit Aggravated Sexual Assault of a Child" and **"**Statute for Offense: TEX. PENAL CODE §§ 15.03(a), 22.021."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of May, 2021.